## HARTWELL-MILLS v. ROSE, Internal Revenue Collector.

District Court, N. D. Georgia, Atlanta Division.

July 23, 1931.

Verdict directed for defendant.

Anderson, Rountree, Crenshaw & Hansell, of Atlanta, Ga., for plaintiff.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

The plaintiff sues to recover in this case solely because the additional taxes assessed were paid to the collector after the statutory period for their collection had passed.

It contends that the question as to whether or not it really owed the taxes paid by it is immaterial and cannot be investigated, and that it is entitled to recover the full amount as an overpayment, regardless of the merits of the case, merely because the government did not collect the taxes during the statutory period, although the collection was stayed because of plaintiff's appeal and plea in abatement which were not determined until after the statute had run.

This highly technical contention, which excludes any opportunity for the government to establish its claim that the taxes were justly due and collected, can only be sustained, if at all, by plaintiff showing that same is authorized under the Revenue Act

of 1928, especially section 607 as qualified by section 611 (26 USCA §§ 2607, 2611).

Section 607 provides that a tax assessed or paid after the expiration of the period of limitation applicable thereto shall be considered an "overpayment" and shall be credited or refunded to the taxpayer, if claim therefor is duly filed. Section 611 enacts a qualification by providing that in stated circumstances the payment of the tax shall not be considered an overpayment under the provisions of section 607. These circumstances, as set out by the Supreme Court in the case of Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415, are: (a) Assessment of the tax within the time applicable thereto and before June 2, 1924; (b) the filing of a claim in abatement; (c) the stay of the collection of any part of the tax; and (d) the payment of such part of the tax before, or within one year after, the enactment of the act of 1928.

Every one of the circumstances named in section 611 was present in this case, but plaintiff contends that still section 611 is not applicable because the assessment in the case was invalid, and therefore one of the conditions necessary for the applicability of this section was absent.

The invalidity claimed is that the assessments were not "jeopardy assessments" and were made without awaiting the conclusion of the hearing of plaintiff's appeal. Section 250 (d) of the Revenue Act of 1921 (42 Stat. 264), the act applicable in this case, provides that when "a deficiency in tax is discovered, the taxpayer shall be notified thereof and given a period of not less than thirty days after such notice is sent by registered mail in which to file an appeal."

In this case, the Commissioner gave such notice by mailing the usual thirty-day letter on March 3, 1924. The assessments were made May 24, 1924.

An appeal was executed by the plaintiff, in Griffin, Ga., on April 1, 1924, but it was not shown when same was filed. It is true that Mr. Cheatham testified that the appeal was mailed in Griffin the day it was executed, April 1, 1924, and that he and another witness testified that it could have reached Washington the next day; but Mr. Cheatham's testimony also shows that he did not mail it, and has no personal recollection as to when or by whom the letter was mailed, and that he was merely relying on the custom of his office, and a statement made in a letter written by him the same day. The only date appearing on the appeal, placed by the Commissioner, was April 5, 1924. This date was included in a stamped notation which was as follows: "Distribution Center, April 4, 1924, P. O. & P. S. Section." Section 250 (d) also provides that: "In cases where the Commissioner believes that the collection of the amount due will be jeopardized by such delay he may make the assessment without giving such notice or awaiting the conclusion of such hearing." Plaintiff contends that the provision that the Commissioner "may" make an assessment "without giving such notice or awaiting the conclusion of such hearing" by implication makes invalid an assessment made before the conclusion of the hearing, and that this alone constituted such invalidity as to make section 611 of the act inapplicable, it being admitted that the notice provided for in section 250 (d) was given.

I think the assessment made in this case, where a bona fide plea in abatement was filed by plaintiff, and entertained by the Commissioner, was, in all the circumstances proved, such assessment as met the requirements of section 611 of the Revenue Act of 1928, and that the payment made by the plaintiff was not such overpayment as can be recovered in this suit.

I do not think that it was intended that the act should be given such a highly technical construction as to require the government to pay back taxes collected under the circumstances shown in this case, regardless of whether or not they were justly due, especially after the taxpayer had taken an appeal in the matter, filed a plea in abatement, and actually paid the assessment at the termination of such appellate proceedings in which the merits of the controversy had been determined.

The motion of the government for the direction of a verdict is therefore granted.

Gentlemen, the verdict will be submitted to you in this case, and the court instructs you that you should find a verdict for the defendant.